# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-4688 PA (JCGx) | Date | September 19, 2013 |
|---|---|---|---|
| Title | Blufocus, Inc. v. Michael Clark, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Paul Songco | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**    IN CHAMBERS - ORDER TO SHOW CAUSE

     Before this Court is a Complaint filed by plaintiff Blufocus, Inc. ("Plaintiff") against defendants Michael Clark, Brent Sharon, Josh Humphrey, Rick Shapiro, Cross Check Media ("CCM"), and Does 1-10 (collectively, "Defendants").  The Complaint alleges claims for: violations of the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. §§ 1030 et seq.; violations of the California Uniform Trade Secrets Act, Cal. Civ. Code §§ 3426 et seq.; fraud; breach of duty of loyalty; making untrue or misleading representations to the public; unfair competition; and accessing Plaintiff's computers without authorization and in excess of the authority granted to them in violation of California Penal Code section 502e(1).  Plaintiff alleges that this Court has jurisdiction over this action under 28 U.S.C. § 1331.

     Because Plaintiff does not allege any other jurisdictional bases, it appears that the Court possesses only supplemental jurisdiction over the claims brought pursuant to California state law.  28 U.S.C. § 1367(a).  28 U.S.C. § 1367(a) states that "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  "Nonfederal claims are part of the same 'case' as federal claims when they derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them in one judicial proceeding."  Kuba v. 1-A Agric. Ass'n, 387 F.3d 850, 855-56 (9th Cir. 2004) (quoting Trs. of the Constr. Indus. & Laborers Health & Welfare v. Desert Valley Landscape & Maint., Inc., 333 F.3d 923, 925 (9th Cir. 2003)).

     Once supplemental jurisdiction has been established under 28 U.S.C. § 1367(a), a district court "can decline to assert supplemental jurisdiction over a pendant claim only if one of the four categories specifically enumerated in section 1367(c) applies."  Exec. Software N. Am., Inc. v. U.S. Dist. Court for the Cent. Dist. of Cal., 24 F.3d 1545, 1555-56 (9th Cir. 1994).  Under 28 U.S.C. § 1367(c), the Court may decline supplemental jurisdiction if: "(1) the claim raises a novel or complex issue of state law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-4688 PA (JCGx) | Date | September 19, 2013 |
|---|---|---|---|
| Title | Blufocus, Inc. v. Michael Clark, et al. | | |

      In this instance, Plaintiff's state law claims appear to substantially predominate over the CFAA claim, which is the sole claim over which the Court has original jurisdiction.  See Contemporary Servs. Corp. v. Hartman, No. 08-02967 AHM (JWJx), 2008 WL 3049891, at *2-5 (C.D. Cal. Aug. 4, 2008); see also Dedalus Found. v. Banach, No. 09 Civ. 2842(LAP), 2009 WL 3398595, at *5-6 (S.D.N.Y. Oct. 16, 2009); Rocky Mountain Twist v. Brackey, No. CV07-119-M-DWM-JCL, 2008 WL 744149, at *5-8 (D. Mont. Mar. 13, 2008).  Accordingly, the Court orders Plaintiff to show cause in writing why the Court should not decline to exercise supplemental jurisdiction over the state law claims raised in the Complaint.  Plaintiff shall file its response to this order to show cause no later than September 30, 2013.  The failure to file an adequate response by this date may result in the imposition of sanctions, including dismissal of the state law claims without prejudice.

      IT IS SO ORDERED.